NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2886
_____

UNITED STATES OF AMERICA

v.

FABIO GIL-POLANCO
a/k/a FABIO GIL
a/k/a JOSE CUEVAS
a/k/a SANDY REYES

FABIO GIL-POLANCO,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-10-cr-00522-001
District Judge: The Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 28, 2012

Before: SMITH, and FISHER, *Circuit Judges*
and RAKOFF, *Senior District Judge*∗

(Filed: June 28, 2012 )
_____

∗ The Honorable Jed S. Rakoff, Senior United States District Judge for the United
States District Court for the Southern District of New York, sitting by designation.

OPINION

SMITH, *Circuit Judge.*

Pursuant to a written plea agreement, Fabio Gil-Polanco, a native and citizen of the Dominican Republic, pleaded guilty to unlawful reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Gil-Polanco's plea agreement contained a broad appellate waiver, permitting an appeal under limited circumstances. The United States District Court for the Eastern District of Pennsylvania sentenced Gil-Polanco to, *inter alia*, an above-guidelines sentence of 48 months of imprisonment. The following day, Gil-Polanco, proceeding pro se, filed a notice of appeal.[1] Thereafter, his counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

record that might arguably support the appeal.

*Id.* As we explained in *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), the *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). If review fails to reveal any nonfrivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

After considering counsel's *Anders* brief, we are satisfied that counsel fulfilled the requirements of *Anders*. As counsel noted, Gil-Polanco pleaded guilty and his plea agreement contained a broad appellate waiver. As a result, Gil-Polanco's right to appeal is limited by not only the appellate waiver, *see United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001), but also the general rule that a defendant who pleads guilty may attack only the validity of his guilty plea and the legality of his sentence. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

3

Counsel contends that there is no basis for challenging the validity of Gil-Polanco's guilty plea as it was voluntary and knowing. Indeed, Gil-Polanco's informal pro se brief does not dispute the validity of his guilty plea.[2]

Because the sentence imposed by the District Court exceeded the sentencing guideline range, we conclude, consistent with the exception set forth in Gil-Polanco's appellate waiver, that he may challenge the substantive reasonableness of his sentence.[3] We agree with counsel, however, that any such challenge lacks merit. Although the 48 month term of imprisonment exceeds the sentencing guideline range of 24 to 30 months, it does not exceed the statutory maximum of 20 years. The District Court properly considered the sentencing factors set forth in 18 U.S.C. § 3553(a) in fashioning the sentence. Citing the fact that Gil-Polanco's conviction was his third such conviction for unlawful reentry after deportation and that the instant conviction was committed during his term of supervised release on the second conviction for unlawful reentry, the District Court concluded that Gil-Polanco had little regard for the laws of the United States. The District Court further noted that Gil-Polanco had not been deterred by his previous sentences of

[2] Gil-Polanco received a copy of counsel's *Anders* brief and the motion to withdraw as counsel. Consistent with Third Circuit L.A.R. 109.2(a), Gil-Polanco filed a pro se informal brief, challenging only the reasonableness of the District Court's sentence of 48 months.

[3] We review the District Court's sentence for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

10 and 24 months, and it expressed doubt whether Gil-Polanco would be personally deterred by the sentence to be imposed. Nonetheless, the District Court believed that it needed to deter others, who might be tempted to illegally reenter the United States. These are valid considerations under § 3553(a). *See* 18 U.S.C. §§ 3553(a)(2)(A) and (B). We conclude that the District Court did not abuse its discretion in imposing an upward variance of 48 months of imprisonment.

For the above stated reasons, we will grant counsel's motion to withdraw and affirm the judgment of the District Court. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3rd Cir. L.A.R. 109.2(b).